## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OVERHEAD DOOR CORPORATION, | ) Case No. |
| Plaintiff, | ) |
| vs. | ) |
| DOOR SPECIALTY COMPANY, formerly known as Overhead Door Company of Champaign, | ) |
| Defendant. | ) |

## COMPLAINT

Now comes Plaintiff, Overhead Door Corporation, by and through its attorneys Lord, Bissell & Brook LLP and for its Complaint for trademark infringement, unfair competition, and breach of contract against Door Specialty Company, states as follows:

## PARTIES

1.     Plaintiff Overhead Door Corporation [hereinafter "Overhead Door"] is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Farmers Branch, Texas.

2.     Defendant Door Specialty Company is a corporation organized and existing under the laws of the State of Illinois with is principal place of business in Champaign, Illinois.

## JURISDICTION

3.     This Court's jurisdiction arises from the fact that this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1129, jurisdiction conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and by virtue of the fact that certain claims are joined with substantial and related claims under the Trademark Laws of the United States, 15

U.S.C. §§ 1051-1129, jurisdiction conferred by 28 U.S.C. §§ 1338(b) and 1367.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

4. Overhead Door is engaged in developing, designing, manufacturing, selling, installing and servicing upward-acting doors and door sections, hardware, fixtures, parts, mechanisms and equipment for embodiment in such doors.  Plaintiff sells its products under a trademark composed of a red ribbon with a distinctive style [hereinafter "'Red Ribbon' design mark"], and a word trademark 'OVERHEAD DOOR'.

5. A specimen of Plaintiff's trademark is attached to this Complaint as Exhibit "A" and incorporated by reference.  In the market for doors and related products, the Plaintiff's distinctive 'Red Ribbon' design mark, and its 'OVERHEAD DOOR' word trademark, have come to represent the Plaintiff and Plaintiff's products only, and are marks by which the goods of the Plaintiff are distinguished from other goods of the same class.  This is true throughout the United States, including the State of Illinois and the City of Champaign.

6. Plaintiff, after due and proper proceedings, duly registered its design trademark in the United States Patent Office, Reg. No. 1807028, on November 30, 1993.  The registration is valid and subsisting, uncancelled, and unrevoked and Plaintiff is the owner of it.  A copy of the registration is attached to this Complaint as Exhibit "B" and incorporated by reference.

7. Plaintiff, after due and proper proceedings, duly registered its word trademark 'OVERHEAD DOOR' in the United States Patent and Trademark Office, Reg. No. 1851191, on August 23, 1994.  The registration is valid and subsisting, uncancelled, and unrevoked and plaintiff is the owner of it.  A copy of the registration is attached to this Complaint as Exhibit "C" and incorporated by reference.

8. Plaintiff's business has grown from small beginnings, in 1921, to a large and prosperous business. Plaintiff now owns and operates three divisions (Access Systems Division, Horton, TODCO) and 19 manufacturing facilities throughout the United States and the United Kingdom.

9. Plaintiff has sold approximately $660,000,000 dollars worth of doors and related products under its marks throughout the United States, and has spent approximately $1,000,000 dollars annually in advertising and promoting the marks throughout the United States.

10. By virtue of Plaintiff's continued use, advertising, and promotion, its 'Red Ribbon' design mark, and its 'OVERHEAD DOOR' word trademark, became and still are distinctive, well-recognized, and famous, possess a strong secondary meaning, and represent an extremely valuable goodwill.

11. On information and belief, Defendant, Door Specialty Company, manufactures or sells upward-acting doors and related products.

12. Defendant entered into a written contract (the "Agreement") with Plaintiff Overhead Door, pursuant to which Defendant became an Overhead Door Distributor Licensee, licensed to be a non-exclusive distributor of 'OVERHEAD DOOR' brand products, and to use the 'Red Ribbon' design mark.

13. Defendant enjoyed, as a licensee of Overhead Door, the benefit of the goodwill associated with trademarks, including the use of the 'Red Ribbon' design mark.

14. On or about April 18, 2003, Plaintiff Overhead Door gave notice to the Defendant that the Agreement would terminate in 60 days, as provided by the terms of the Agreement, and requested compliance with all of the terms and conditions in the Agreement that relate to termination.

15. Under the terms of the Agreement, Defendant was required, upon termination of the distributorship, to discontinue its use of Overhead Door's marks, including the 'OVERHEAD DOOR' word trademark and the 'Red Ribbon' design mark.

16. The Agreement provided that if Defendant failed to comply with its termination obligations, Defendant agreed to reimburse Overhead Door's costs and attorney's fees incurred for the purpose of enforcing compliance with these obligations.

17. On August 25, 2004, Door Specialty Company sent a letter to Overhead Door's counsel stating "per our conversation of August 24, 2004, we understand that we are not to use or display Overhead Door Corporation Trademarks." A copy of this letter is attached as Exhibit "D".

18. Since the termination, Defendant has continued to operate a business offering services of the same general nature (manufacturing and selling upward-acting doors and related products). This, of course, it is entitled to do. Defendant, however, has continued to use the 'Red Ribbon' design mark, and the word trademark 'OVERHEAD DOOR'.

19. On information and belief, Defendant recently began advertising doors and related products using the trademark 'Red Ribbon' design mark, and the word trademark 'OVERHEAD DOOR'. An advertisement from the Yellow Pages for Champaign, St. Joseph, Savoy & Urbana, showing Defendant's use of this mark, is attached hereto as Exhibit "E".

20. Door Specialty Company's advertisement in the Yellow Pages appears on page 172.

21. The advertisement prominently displays Door Specialty Company's '217-359-8585' phone number.

22. Page 173 of the Yellow Pages provides phone numbers for door retailers. The phone listing for the number '359-8585' is "Overhead Door Company of Champaign," rather than "Door Specialty Company." A copy of this page of the directory is attached hereto as Exhibit "F".

23. The words "See Our Ad Preceding Page" are prominently displayed below the phone number '359-8585'.

24. Defendant Door Specialty Company's doors and related products compete directly with Overhead Door's doors and related products, and in fact are advertised side by side.

25. Defendant began to manufacture, market, and sell doors and related products using the trademark 'Red Ribbon' design mark and the name 'Overhead Door Company', with knowledge of Overhead Door's rights in the 'Red Ribbon' design mark and 'OVERHEAD DOOR' word trademark for these same products.

26. Defendant's use of the 'Red Ribbon' design mark and 'OVERHEAD DOOR' word trademark are without the consent or authorization of Overhead Door.

## COUNT I
## TRADEMARK INFRINGEMENT

27. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 26 as though fully set forth herein.

28. As a result of defendant's unauthorized use in its business of the 'Red Ribbon' design mark, as well as the 'OVERHEAD DOOR' word trademark, in connection with its advertising and sale of doors and related goods, defendant is likely to cause confusion or to cause mistake or to deceive the public, in violation of the Trademark Laws of the United States, 15 U.S.C. § 1114.

29. Defendant's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff and Plaintiff's 'Red Ribbon' trademark and 'OVERHEAD DOOR' word trademark, for doors and related products, and to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its 'Red Ribbon', 'OVERHEAD DOOR'-branded doors and related products and Plaintiff and its 'Red Ribbon', 'OVERHEAD DOOR'-branded doors and related products.

30. By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill, and will sustain loss of revenues and profits.

31. Unless enjoined by this Court, Defendant will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION

32. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 31 as though fully set forth herein.

33. As a result of its unauthorized use of the 'Red Ribbon' design mark, or any colorable imitation of it, as well as its word trademark 'OVERHEAD DOOR', in connection with its manufacturing, advertising, and sale of doors and related products, Defendant is likely to mislead prospective purchasers and retailers as to an affiliation, connection, or association of Defendant or Defendant's products with Plaintiff or Plaintiff's 'Red Ribbon', 'OVERHEAD DOOR'-branded doors and related products, or as to the origin, sponsorship, or approval by Plaintiff of Defendant's doors and related products, causing purchasers to rely thereon, in violation of the Lanham Act, 15 U.S.C § 1125(a).

34. The use of Plaintiff's 'Red Ribbon' design mark, and colorable imitations of it, and Plaintiff's 'OVERHEAD DOOR' word mark, by the Defendant constitutes a knowing and willful passing off of the goods and services of the Defendant, for those of Plaintiff, and is a deception of the citizens of the State of Illinois and elsewhere throughout the United States.

35. The actions of the Defendant constitute unfair competition with Plaintiff in the trade by reason of defendant's use of Plaintiff's mark.

36. These acts of unfair competition by defendant have caused and are continuing to cause irreparable injury to the reputation which Plaintiff has established over the years.

37. Unless the use of Plaintiff's marks by the Defendant is restrained, the Defendant will continue these acts to the detriment of Plaintiff.

## COUNT III
## BREACH OF CONTRACT

38. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 37 as though fully set forth herein.

39. Under the terms of the Agreement, Defendant was required to discontinue use of all of Overhead Door's trademarks upon the termination of the distributorship.

40. Despite its agreement to discontinue using Overhead Door's marks, Defendant has continued using Overhead Door's 'Red Ribbon' design mark, and the 'OVERHEAD DOOR' word trademark, for use in its advertising of upward-acting doors and related products.

41. Defendant's failure to comply with the post-termination obligations in the Agreement constitutes a breach of the Agreement.

42. This breach has damaged and continues to damage Overhead Door.

43. Unless the use of Plaintiff's marks by the Defendant is restrained, the Defendant will continue these acts to the detriment of Plaintiff.

## RELIEF SOUGHT

Plaintiff demands judgment as follows:

1.  That Defendant, its agents, servants, employees, privies, successors, and assigns, and all claiming any rights through them, be restrained during the pendency of this suit and afterwards, perpetually enjoined and restrained from:

    (a) using Plaintiff's 'Overhead Door' word trademark, or 'Red Ribbon' design mark, or any other colorable imitation of the 'Red Ribbon' design mark, or any mark that is confusingly similar to the 'Red Ribbon' design mark in the sale of upward acting metal doors, particularly residential and commercial garage doors, rolling service doors, rolling fire doors, rolling grills, rolling counter doors, service counter doors, and rolling curtain doors, metal sliding grills, electronic controls for actuating and controlling the operation of electric drive motors; remote control transmitters; remote controllers for household lighting and accessories; infrared safety sensors; electric openers for opening and closing doors or similar goods.

    (b) doing any other act or thing likely to induce the belief that Defendant's business or products are in any way connected with Plaintiff's business or products, or are sponsored or approved by Plaintiff.

2.  That Defendant account for and pay over to Plaintiff all profits derived by Defendant from its acts complained of herein, together with prejudgment interest. 15 U.S.C. § 1117.

3.  That Defendant pay to Plaintiff all the damages it has suffered as a result of the acts of Defendant complained of herein, including an assessment of trebled actual damages, together with prejudgment interest. 15 U.S.C. § 1117.

4.  That the Plaintiff record treble profits or damages, whichever is greater, under 15 U.S.C. § 1117.

5. That the Plaintiff be awarded its costs and reasonable attorney's fees connected with this action, pursuant to 15 U.S.C. § 1117, as well as the terms of the Agreement.

6. That the Defendant be forever restrained from engaging in unfair competition with plaintiff.

7. That the phone number '217-359-8585' be transferred from Defendant to Overhead Door.

8. That the Plaintiff be given all other and further relief as the Court may deem just and proper.

Dated: 3/14/05                          LORD, BISSELL & BROOK LLP

                                          By
                                            /s Adam Waskowski

                                          Adam Waskowski
                                          Gerald O. Sweeney, Jr.
                                          Attorneys For Plaintiff
                                          Adam Waskowski Bar ID number: 6284221
                                          LORD BISSELL & BROOK LLP
                                          115 S. LaSalle St.
                                          Chicago, Illinois 60603-3901
                                          Telephone: 312-443-1767
                                          Fax: 312-896-6767
                                          E-mail: awaskows@lordbissell.com

Adam Waskowski
Gerald O. Sweeney, Jr.
LORD, BISSELL & BROOK LLP
115 South LaSalle Street
Chicago, IL  60603
Phone: 312-443-1767
Fax:    312-896-6767

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.